## STATE COURT OF APPEALS—Continued

### No. 232
**BROOK PARK (Bd. Ed) v. CUYAHOGA CO.**
**(Bd. Ed)**
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5966. Decided Dec. 8, 1924

**1065. SCHOOLS AND SCHOOL DISTRICTS**—Consolidation of districts—Remonstrance against must be signed by a majority of qualified electors and proof must show it.

LEVINE, J.

#### Epitomized Opinion.
Published only in Ohio Law Abstract

This case came from the Cuyahoga Common Pleas to the Court of Appeals and plaintiff in error herein asks for an injunction and equitable relief to restrain the Board of Education of Cuyahoga County School District from consolidating the Brook Park Village School District with that of the Berea School District, and from thereby creating a new school district to be known as the Berea School Village District.

On May 31, 1924, the Cuyahoga District adopted a resolution providing for such new school district. On June 28, 1924, a remonstrance petition was filed with the Cuyahoga County Board containing signatures of 1728 persons. Two days later a petition signed by 725 persons who had signed said remonstrance was filed with said Board asking that their names be withdrawn therefrom.

Two questions are submitted to the Court of Appeals:

1. Was the remonstrance signed by a majority of the qualified electors of the proposed consolidated district?

2. May those signing remonstrance petition withdraw their names after it has been filed?

Brook Park District claims that total votes cast against proposed consolidation in the election preceding the drawing up of remonstrance was 1875, showing that said petition was signed by a majority of the qualified electors.

The Court of Appeals held:

First. In order that Brook Park District be entitled to relief asked for, strict compliance with 4736 GC, providing that a majority of qualified electors sign the remonstrance petition, is necessary. The fact that the total vote cast at the preceding election was 1875 does not enable the court to say what the number was, hence,

Second. Proof is lacking that remonstrance petition was signed by a majority of electors residing in combined districts. Judgment accordingly.

Attorneys—Landfear, Basking and Price, Cleveland, for Brook Park District; E. C. Stanton, Cleveland, for Cuyahoga School District.

### No. 233
**UMBSTAETTER v. PECK et**
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5373. Dec. 8, 1924.

**559. FRAUDULENT REPRESENTATIONS**—Made in a contract of subscription to corporate stock make subscriber therefor immune from liability.

**645. INSOLVENCY**—Defense good as against corporation is likewise available as against its receivers.

LEVINE, J.

#### Epitomized Opinion.
Published only in Ohio Law Abstract

E. O. Peck and W. B. Daley were receivers of the Parish Poole Co, and as such brought suit against Edward Umbstaetter on a note executed to the Parish Poole Co. for the purchase of stock in that company. In the Cuyahoga Common Pleas, Umbstaetter declared that the agent who solicited and received the subscription contract and note from him fraudulently misrepresented facts by stating the Company had contracted with three large concerns for scrap metal, while in fact no contracts existed, and he, depending upon what representations had been made, bought stock and executed his note. He further averred that upon learning of the fraud, he attempted to rescind the contract and demanded the return of his note.

Peck claimed that this was no defense as against the receivers of the Parish Poole Co. although it may have obtained against the company before it became insolvent. He made a motion for the court to direct a verdict, which motion was granted and judgment rendered in favor of receivers.

On prosecution of error Umbstaetter contends that the court erred in granting the motion and directing a verdict in favor of the receivers. The Court of Appeals held:

1. A receiver can occupy no better position than those for whom he acts and is appointed, so that the rights of third persons are not increased, diminished or varied by his appointment.

2. The question of whether or not Umbstaetter acted with promptness and diligence is a question of fact not only upon the lapse of time and delay, but also upon the time when the fraud was discovered by him.

3. When trial court ordered Umbstaetter's testimony of fraud and misrepresentations stricken from the record and excluded, the function of the jury to try issues of fact was usurped; 11379 GC.

Judgment of the Common Pleas reversed and the case remanded.

Attorneys—Stearns, Chamberlain & Royon for Umbstaetter; Ulmer & Berne for Peck, et. All of Cleveland.